*E-FILED 10/2/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA GARVIN, et al., | NO. C 07-01571 RS |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND** |
| v. | |
| LINDA TRAN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs in this action are persons of Hispanic heritage who allege that defendants engaged in predatory lending practices to saddle plaintiffs with home mortgages they cannot afford. Defendants Paul Curiel and Paul Curiel Insurance Agency (collectively "Curiel") move to dismiss, on the grounds that the complaint fails to allege sufficient facts reflecting wrongdoing by them. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b). For the reasons set forth below, the motion will be granted, with leave to amend.

## II. BACKGROUND

The 55 page complaint in this action sets forth in great detail the factual circumstances under which each of the plaintiffs purchased a home with financing arranged by certain of the defendants,

and why plaintiffs believe those defendants acted improperly.[1]  The allegations regarding Curiel however, are limited to the following:

- "[M]any" of the plaintiffs unknowingly purchased insurance from Curiel as part of their loan transactions, with no opportunity to negotiate the terms of the policies.[2]  Complaint ¶ 5.

- Curiel received "unearned business, commissions, and kickbacks"  Complaint ¶ 7.

- Paul Curiel is "the son or other relative" of defendant Pablo Curiel, who is alleged to have been central in the challenged transactions.  Complaint ¶ 40.

- "On information and belief, Defendants Paul Curiel and Paul Curiel Insurance Agency targeted their inferior services and products to homeowners who were Hispanic and had a national origin from Mexico." Complaint  ¶ 377.

- "Defendants . . . have violated the Fair Housing Amendments Act by inducing Plaintiffs to enter . . . homeowners insurance with inferior terms."  Complaint ¶ 402.

### III.  STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating such a motion, the court

---

[1]  Indeed the level of evidentiary detail goes beyond what Rule 8 of the Federal Rules of Civil Procedure requires, as the rule calls only for a "a short and plain statement of the claim showing that the pleader is entitled to relief."  Because the complaint includes a claim for fraud, a higher level of specificity is appropriate, but the complaint appears to include detail not required by Rule 9 either.

[2]  Despite the high level of detail pleaded regarding the various loan transactions, it does not appear that the complaint specifies which of the plaintiffs may have purchased insurance from Curiel.

2

must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, the Supreme Court has recently rejected the oft-quoted formulation of *Conley v. Gibson*, 355 U.S. 41, 47, (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007).

## IV. DISCUSSION

Plaintiffs do not oppose the motion to dismiss with respect to the Seventh Claim for Relief (Fraud), the Twelfth (Conspiracy), or the Fourteenth (Negligence), but request leave to amend. The remaining claims against Curiel assert liability under various federal and state statutes. Each of the claims assert that defendants collectively violated those statutes in numerous ways, many of which are clearly inapplicable to Curiel. Nevertheless, the gravamen of plaintiffs' complaint against Curiel is clear: at least some of the plaintiffs had a portion of their loan proceeds applied to the purchase of insurance policies from Curiel, and those arrangements were not fully and fairly disclosed to them, as required by the various statutes. Although the lack of specific facts regarding Curiel stands out given the detailed allegations regarding other defendants, that does not mean plaintiffs have failed to state a claim against Curiel. Under notice pleading standards, the allegations are sufficient with the exception that it is not possible to determine from the complaint *which* plaintiffs have claims against Curiel. While Curiel presumably could determine from its own records the plaintiffs to whom it sold insurance policies, it nonetheless is entitled to learn from the pleadings specifically who is making claims against it. Accordingly, the motion to dismiss will be granted as to all claims for relief alleged against Curiel, with leave to amend.

3

## V. CONCLUSION

The motion is granted. Plaintiffs shall file any amended complaint within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: October 2, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-01571 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Kerstin Arusha    kerstina@lawfoundation.org

Mikela Babayan    mbabayan@wadesilverstein.com

William J. Goines    goinesw@gtlaw.com, sandiferc@gtlaw.com

William Cornelius Last , Jr    wclast@lastlawfirm.com

Mona Motwani    monam@lawfoundation.org

Shawn Robert Parr    shawn@parrlawgroup.com, kathy@parrlawgroup.com, natalia@parrlawgroup.com, sujata@parrlawgroup.com

Karen Rosenthal    rosenthalk@gtlaw.com, sandiferc@gtlaw.com

Leo B. Siegel    k9esq@flash.net

Judi Leilani Silverstein    judi@wadesilverstein.com

Michael E. Stone    mikeestone@yahoo.com

Amiel Lee Wade    awade@wadesilverstein.com, ccurtis@wadesilverstein.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/2/07**                                               **Chambers of Judge Richard Seeborg**

                                                                 **By:        /s/ BAK**

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-01571 RS

5