**United States District Court**
For the Northern District of California

1          ** E-filed December 3, 2010 **

2

3

4

5

6

7                                    NOT FOR CITATION

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11   MARIA A. GARVIN, et al.,                    No. C07-01571 HRL

12              Plaintiffs,                      **ORDER GRANTING PLAINTIFFS'
                                                 MOTION FOR SANCTIONS
          v.                                     AGAINST DEFENDANT GOLDEN
13                                               HILLS ASSOCIATES, INC. AND
     LINDA TRAN, et al.,                         STRIKING ITS ANSWER**
14
              Defendants.
15   _____/          **[Re: Docket No. 203]**

16                              **BACKGROUND**

17        On March 29, 2010 Plaintiffs served Defendant Golden Hills Associates, Inc. ("Golden

18   Hills") with special interrogatories.  (Docket No. 204 ("Chu Decl."), ¶ 2.)  Golden Hills failed to

19   respond, so Plaintiffs filed a motion to compel on June 11.  (*Id*. at ¶¶ 3-4; Docket No. 186.)  Golden

20   Hills did not file any opposition, and on July 29, this Court granted Plaintiffs' motion and ordered

21   Golden Hills to respond without objection to Plaintiffs' special interrogatories within 10 days.

22   (Docket No. 193 at 2.)

23        It has been over three months since this Court's order and Plaintiffs still have not received

24   responses from Golden Hills.  In September, Plaintiffs' counsel sent a meet-and-confer letter to

25   counsel for Golden Hills, who stated that Golden Hills would serve its responses by October 15, but

26   so far it has not done so.  (Chu Decl., ¶¶ 5-6.)

27        Plaintiffs now move the Court to sanction Golden Hills.  (Docket No. 203 ("MFS").)

28   Specifically, Plaintiffs request that the Court enter default against Golden Hills, or, in the

1   alternative, enter an order deeming Golden Hills to have admitted the allegations in the complaint

2   and precluding it from presenting a defense.  (*Id*. at 6.)  In addition, Plaintiffs request that Golden

3   Hills be required to pay Plaintiffs' accrued expenses in relation to its motion.  (*Id*.)  Golden Hills did

4   not file any brief in opposition, and oral argument was heard on November 30.[1]

5                                              **DISCUSSION**

6          Rule 37 allows a court to sanction a party for completely failing to respond to interrogatories

7   properly served upon it.  FED. R. CIV. P. 37(d).  A court may also sanction a party for failing to obey

8   a discovery order.  FED. R. CIV. P. 37(b)(2).  Under either provision, such sanctions may include:

9          (i) directing that the matters embraced in the order or other designated facts be taken

10         as established for purposes of the action, as the prevailing party claims;

11         (ii) prohibiting the disobedient party from supporting or opposing designated claims

12         or defenses, or from introducing designated matters in evidence;

13         (iii) striking pleadings in whole or in part;

14         (iv) staying further proceedings until the order is obeyed;

15         (v) dismissing the action or proceeding in whole or in part; or

16         (vi) rendering a default judgment against the disobedient party.

17  FED. R. CIV. P. 37(b)(2)(A)(i)-(vi) & (d)(1)(B)(3).  A court may also treat the failure to obey any

18  order (except an order to submit to a physical or mental examination) as contempt of court.  FED. R.

19  CIV. P. 37(b)(2)(A)(vii).

20         "A terminating sanction, whether default judgment against a defendant or dismissal of a

21  plaintiff's action, is very severe. . . .  Only 'willfulness, bad faith, and fault' justify terminating

22  sanctions."  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096

23  (9th Cir. 2007) (citing *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003)).

24         The Ninth Circuit has constructed "a five-part test, with three subparts to the fifth part, to

25  determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest

26  in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of

27  prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their

28  ---
[1] Counsel for Golden Hills also stated at oral argument that he did not oppose entry of default being entered against Golden Hills.

*United States District Court*
For the Northern District of California

2

merits; and (5) the availability of less drastic sanctions.'  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.  This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow . . . ."  *Id*. (internal and external citations omitted).

The first four factors of the Ninth Circuit's test all clearly favor sanctioning Golden Hills. Golden Hills's participation in this case has been non-existent and Plaintiffs are at a loss as to how to proceed against it.  And while public policy favors decisions on the merits, Golden Hills's actions so far have precluded such a decision.  The fifth factor — the availability of lesser sanctions — also favors sanctioning Golden Hills.  Golden Hills has thus far shown no inclination to obey this Court's orders.  Indeed, counsel for Golden Hills represented at oral argument that Golden Hills is aware of the Court's previous order and that it needs to respond to Plaintiffs' special interrogatories.  Golden Hills's blatant and willful disregard for this Court's orders and the Federal Rules of Civil Procedure is unacceptable.  Left with little choice, this Court shall strike Golden Hills's answer in this case. FED. R. CIV. P. 37(b)(2)(A)(iii).

Plaintiffs' also should get their expenses associated with filing this motion.  Under Rule 37, the court must order a disobedient party and/or that party's attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses just." FED. R. CIV. P. 37(b)(2)(C).  Here, there is nothing to indicate that Golden Hills's failure was justified in any way. Plaintiffs' counsel states that she has spent 4.2 hours in drafting and filing this motion, at a rate of $275 per hour, so the expenses have totaled the reasonable amount of $1,155.  (Chu Decl., ¶ 7.)  The total expenses requested in Plaintiffs' motion is $1,980, which accounts for three additional hours to draft a reply brief and attend oral argument.  (*Id*. at ¶ 8.)  But since no reply brief was filed (other than a notice of non-opposition, as Golden Hills did not file an opposition brief), the Court will require Golden Hills to pay Plaintiffs' expenses in the amount of $1,155.

United States District Court
For the Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion is GRANTED.  The Court strikes Golden Hills's

answer.  Golden Hills is also ordered to pay Plaintiffs' attorneys' fees in the amount of $1,155.

**IT IS SO ORDERED.**

Dated: December 3, 2010



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**United States District Court**
For the Northern District of California

1

**C07-01571 HRL** N**otice will be electronically mailed to:**

2

| | |
|---|---|
| Alisha Mei Yuk Louie | alouie@sideman.com |
| Annette D. Kirkham | annettek@lawfoundation.org, teresam@lawfoundation.org |
| Cindy Hamilton | hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Jessica Lynn Fry | jessicaf@lawfoundation.org, nuemig@lawfoundation.org |
| Karen Rosenthal | rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Kimberly Pederson | kimp@lawfoundation.org, teresam@lawfoundation.org |
| Kyra Ann Kazantzis | kyrak@lawfoundation.org |
| Leo B. Siegel | k9esq@flash.net |
| Michael E. Stone | mikeestone@yahoo.com |
| Shawn Robert Parr | shawn@parrlawgroup.com, donna@parrlawgroup.com |
| William Cornelius Last , Jr | wclast@lastlawfirm.com |
| William J. Goines | goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |

**5:07-cv-01571-HRL Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Raya Ghajar
1101 Salerno Drive
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5