**\*\* E-filed March 8, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. GARVIN, et al., | No. C07-01571 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER FOR ADVERSE INFERENCES AGAINST DEFENDANT JESUS CHAVEZ** |
| v. | |
| LINDA TRAN, et al., | |
| Defendants. | **[Re: Docket No. 228]** |

## BACKGROUND

In this predatory home mortgage loan action, Plaintiffs allege numerous claims against Jesus Chavez ("Chavez") and many other defendants (collectively "Defendants"). Docket No. 50. Plaintiffs allege that Defendants preyed upon them through predatory and abusive lending practices, which included making misrepresentations about essential terms of loans, using bait-and-switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan applications, failing to translate important loan documents from English to Spanish, and including unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization. Accordingly, Plaintiffs have sued Chavez, a real estate agent, for violation of (1) the Fair Housing Amendments Act, 42 U.S.C. § 3601, et seq.; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq.; (3) the Fair Employment and Housing Act, Cal. Government Code § 12955, et seq.; (4) the Consumers Legal Remedies Act, Cal. Civ. Code § 1760, et seq.; and for (5) breach of fiduciary duty; (6) civil conspiracy to defraud; (7) unfair competition; and (8) negligence.

Thus, in proving their case against him, Plaintiffs say that they will need to show that Chavez targeted Plaintiffs for predatory loans and discriminated against Plaintiffs because of their race and national origins; received kickbacks and unearned fees in connection with settlement services; breached his fiduciary duty to Plaintiffs; made false statements and omitted material information; misrepresented material information; was involved in a conspiracy to defraud Plaintiffs; engaged in deceptive business practices; and did not act like a reasonably prudent real estate agent.

To that end, Plaintiffs deposed Chavez on January 10, 2011. During the deposition, Chavez asserted his Fifth Amendment privilege against self-incrimination 341 times and refused to answer most of Plaintiffs' questions. As a result, Plaintiffs now move for an order granting them an adverse inference instruction with respect to the information about which Chavez refused to testify. Docket No. 231 ("Motion"). Chavez opposes Plaintiffs' motion (Docket No. 245 ("Opp'n")), and oral argument was heard on March 8, 2011.

## LEGAL STANDARD

Under the Fifth Amendment to the United States Constitution, "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. amend. V. "[T]he Fifth Amendment's protections against self-incrimination can be asserted in any proceeding, be it civil, criminal, administrative, judicial, investigative or adjudicatory." Doe v. Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000) (citing Kastigar v. United States, 406 U.S. 441, 444 (1972)). "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman v. United States, 341 U.S. 479, 486 (1951); see also Doe, 232 F.3d at 1263 (same). "Indeed, it is enough if the responses would merely 'provide a lead or clue' to evidence having a tendency to incriminate.'" United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980).

"[T]he 'privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution.'" Doe, 232 F.3d at 1263 (quoting United Liquor Co. v. Gard (In re Seper), 705 F2d 1499, 1501 (9th Cir. 1983) (emphasis in original)). "But this protection must be

1  confined to instances where the witness has reasonable cause to apprehend danger from a direct
2  answer." Hoffman, 341 U.S. at 486; see also Neff, 615 F.2d at 1239. "If the threat is remote,
3  unlikely, or speculative, the privilege does not apply . . . ." McCoy v. Comm'r., 696 F.2d 1234,
4  1236 (9th Cir. 1983).

5  But while "[p]arties are free to invoke the Fifth Amendment in civil cases, but the court is
6  equally free to draw adverse inferences from their failure of proof." SEC v. Colello, 139 F.3d 674,
7  677 (9th Cir. 1998). Such adverse inferences may be drawn only when "independent evidence exists
8  of the fact to which the party refuses to answer." Doe, 232 F.3d at 1264. Such inferences may also
9  only be drawn when "there is a substantial need for the information and there is not another less
10 burdensome way of obtaining the information." Id. at 1265.

## DISCUSSION

Chavez has reasonable cause to apprehend prosecution in relation to Defendants' mortgage activities, as prosecutors in this District have already alerted his counsel that he is a target of a federal investigation relating to mortgage fraud. See Opp'n, Ex. A (letter from Grant P. Fondo, Assistant United States Attorney, United States Attorney's Office for the Northern District of California, to Lou Doyle, counsel for Chavez, dated October 28, 2010.). Thus, Chavez's assertion of his Fifth Amendment right against self-incrimination is well-taken.

However, this being a civil action, the Court equally free to draw adverse inferences against him in relation to information he failed to provide as a result of this assertion, as long as Plaintiffs show that independent evidence exists to support those inferences. SEC v. Colello, 139 F.3d at 677; Doe, 232 F.3d at 1264. Here, Plaintiffs have a substantial need for the information sought because Chavez was directly involved with certain Plaintiffs' home purchases and possesses unique information about those purchases. Plaintiffs have adequately shown that they cannot obtain such unique information in other less burdensome ways.

Therefore, upon review of Plaintiffs' motion and the supporting declarations and documents, the Court has determined that sufficient independent evidence exists to support drawing adverse inferences against Chavez as to the following:

- Chavez is familiar with plaintiff Propero Torralba ("Torralba")

- Chavez acted as Torralba's real estate agent and had called Torralba on the telephone
- Chavez acted as a "cooperative agent"
- Chavez asked Torralba about his income and Torralba told Chavez how much he could afford to pay each month toward a home mortgage
- Chavez showed homes to Torralba and his wife
- Chavez is familiar with plaintiff Juan Ramirez ("Ramirez")
- Chavez acted as Ramirez's real estate agent
- Ramirez told Chavez that he was interested in purchasing a home and sought Chavez's assistance for that purpose
- Chavez ran a credit report with respect to Ramirez
- Chavez referred Ramirez to defendant Linda Tran ("Tran") for financing
- Chavez made representations to Ramirez about his ability to purchase a home
- Chavez showed homes to Ramirez and his wife
- Chavez was familiar with a property at 2788 Cramer Circle, San Jose, California and recommended that Ramirez offer to purchase the property for more than its listed sale price and that Ramirez did so
- Chavez was present when Ramirez executed loan documents
- Chavez helped Torralba and Ramirez to obtain down payment assistance through defendant Palacio Mortgage and knew that Tran referred clients to Palacio Mortgage in this regard
- Chavez did not provide either Torralba and Ramirez with Spanish-language copies or English-to-Spanish translations of loan documents, and his meetings with them were conducted in Spanish
- Chavez is familiar with and referred business to Palacio Mortgage and Tran
- Chavez asked for preapproval letters and loan terms from Tran

As to all of Plaintiffs' other requested adverse inferences, the Court finds that sufficient independent evidence does not exist to support such inferences being taken.

**CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiffs' motion. Adverse inferences may be drawn against Chavez as to the above-listed information only.

**IT IS SO ORDERED.**

Dated: March 8, 2011



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1  **C07-01571 HRL Notice will be electronically mailed to:**

2  Alisha Mei Yuk Louie        alouie@sideman.com
   Annette D. Kirkham          annettek@lawfoundation.org, teresam@lawfoundation.org
3  Cindy Hamilton              hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
   Jessica Lynn Fry            jessicaf@lawfoundation.org, nuemig@lawfoundation.org
4  Karen Rosenthal             rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
   Kimberly Pederson           kimp@lawfoundation.org, teresam@lawfoundation.org
5  Kyra Ann Kazantzis          kyrak@lawfoundation.org
   Shawn Robert Parr           shawn@parrlawgroup.com, donna@parrlawgroup.com
6  William Cornelius Last , Jr wclast@lastlawfirm.com
   William J. Goines           goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com

**Notice will be provided by other means to:**

Jesus Chavez
2825 Dryden Ave.
Gilroy, CA 95020

Pablo Curiel
2633 Glen Hancock Court
San Jose, CA 95148

Raya Ghajar
1101 Salerno Drive
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**