\*\* E-filed March 22, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. GARVIN, et al., | No. C07-01571 HRL |
| Plaintiffs, | **ORDER (1) DENYING PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION AND (2) STRIKING DEFENDANT'S OPPOSITION THERETO** |
| v. | |
| LINDA TRAN, et al., | |
| Defendants. | **[Re: Docket No. 236]** |

## BACKGROUND

In this predatory home mortgage loan action, numerous plaintiffs (collectively, "Plaintiffs") allege numerous claims against real estate agent Jesus Chavez ("Chavez") and other defendants (collectively "Defendants"). Docket No. 50 ("Second Amended Complaint" or "SAC"). Plaintiffs allege that Defendants preyed upon them through predatory and abusive lending practices, which included making misrepresentations about essential terms of loans, using bait-and-switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan applications, failing to translate important loan documents from English to Spanish, and including unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization. See generally, SAC. Accordingly, Plaintiffs have sued Chavez, a real estate agent, for violation of (1) the Fair Housing Amendments Act, 42 U.S.C. § 3601, et seq.; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); (3) the Fair Employment and Housing Act, Cal. Government

Code § 12955, et seq.; (4) the Consumers Legal Remedies Act, Cal. Civ. Code § 1760, et seq.; and for (5) breach of fiduciary duty; (6) fraud; (7) civil conspiracy to defraud; (8) unfair competition; and (9) negligence. SAC ¶¶ 407-413, 426-450, 465-485.

Plaintiffs deposed Chavez on January 10, 2011. Docket No. 237 ("Hamilton Decl."), Ex. C ("Chavez Depo"). During the deposition, Chavez asserted his Fifth Amendment privilege against self-incrimination 341 times and refused to answer most of Plaintiffs' questions. See id. Upon subsequent motion by Plaintiffs, this Court drew numerous adverse inferences against Chavez with respect to certain information about which he refused to testify. Docket No. 253 ("Adverse Inference Order").

Juan Ramirez ("Ramirez") and Prospero Torralba ("Torralba") (collectively, "Moving Plaintiffs"[1]) now move for summary adjudication of their RESPA claim against Chavez. Docket No. 236 ("Motion"). Chavez opposes the motion. Docket No. 252 ("Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the March 29, 2011 hearing is vacated.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

---

[1] Moving Plaintiffs' motion states that it is brought by Juan and Maria Ramirez and Prospero and Cirila Torralba. Motion at 1. However, plaintiffs Jesus Arreola, Maria Ramirez, and Cirila Torralba were specifically excepted from Plaintiffs' RESPA claim. SAC ¶¶ 426-430.

2

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See FED. R. CIV. P. 56(e)(2); Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. Id.; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (noting that the Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony") (citations omitted).

## DISCUSSION

A. The Court Will Strike Chavez's Opposition Brief

In his opposition brief, which is a hybrid between an opposition and a declaration, Chavez makes statements about topics for which he asserted his Fifth Amendment right against self-incrimination during his deposition. See Opp'n. For example, Chavez states that, although he is a real estate agent and met and talked with Moving Plaintiffs from time to time, Moving Plaintiffs were not his clients; they were clients of defendant Norma Valdovinos ("Valdovinos"). Id. at 2-3. He states that he did not provide settlement services to Moving Plaintiffs and did not prepare or assist in preparing any loan applications. Id. Further, he states that he never received any compensation for any services provided to Moving Plaintiffs. Id.

Moving Plaintiffs request that the Court strike Chavez's opposition brief because he should not be able to assert the Fifth Amendment when asked about these topics in his deposition and then submit an opposition brief containing statements about those same topics in order to oppose

summary judgment. This Court agrees. In this situation, striking Chavez's opposition brief is the appropriate remedy. See, e.g., In re Edmond, 934 F.2d 1304, 1308 (4th Cir. 1991) ("By selectively asserting his Fifth Amendment privilege, [Plaintiff] attempted to insure that his unquestioned, unverified affidavit would be the only version. But the Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); United States v. Parcels of Land, 903 F.2d 36, 43 (1st Cir. 1990) ("We hold that the district court had ample authority to strike [Claimant's] affidavit after he invoked the fifth amendment and refused to answer the government's deposition questions. It is well-accepted that a witness'[s] direct testimony can be stricken if she invokes the fifth amendment on cross-examination to shield that testimony from scrutiny."); see also El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038 (9th Cir. 2003) (the decision of whether to grant a motion to strike is committed to the sound discretion of the court) (citation omitted).

### B. Summary Judgment Is Not Appropriate

Moving Plaintiffs allege that fees paid to Chavez were unlawful kickbacks and unearned fees in violation of Section 8 of RESPA, 12 U.S.C. § 2607. See SAC ¶ 427.

"The primary ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing." Jensen v. Quality Loan Serv. Corp., No. 09-CV-01789 OWW-DLB, 2010 WL 1136005, at *10 (E.D. Cal. Mar. 22, 2010) (quoting Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)). In order to succeed on their RESPA claim, Moving Plaintiffs must demonstrate that Chavez: (1) provided settlement services[2]; and (2) either (i)

---

[2] "The term 'settlement services' includes any service provided in connection with a real estate settlement including, but not limited to, the following: title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement." 12 U.S.C. § 2602(3).

4

accepted a fee, kickback, or thing of value pursuant to any agreement or understanding to refer mortgage-related business or (ii) accepted any portion, split, or percentage of charges for such settlement services other than those actually performed. 12 U.S.C. § 2607(a), (b).[3]

### 1. Section 2607(a)

It is undisputed that Chavez acted as Moving Plaintiffs' real estate agent, provided settlement services to them, and referred them to defendants Linda Tran ("Tran") and Palacio Mortgage ("Palacio Mortgage") for the financing of their home purchases. See Adverse Inference Order at 4; Docket No. 238 ("J. Ramirez Decl.") ¶¶ 3-4, 9; Docket No. 240 ("P. Torralba Decl.") ¶¶ 3-8.

It is not clear, though, that Chavez accepted a fee, kickback, or thing of value. Chavez asserted his Fifth Amendment right as to whether any money was exchanged between him and Tran or Palacio Mortgage (Chavez Depo at 73:13-17), but no adverse inference was drawn as to this fact. See Adverse Inference Order at 4 (finding that sufficient independent evidence did not exist to support such an inference). Aside from Chavez's testimony (or lack thereof), Moving Plaintiffs do not cite any other admissible evidence to support their claim that Chavez received anything of value in exchange for any settlement services he performed. See Motion at 7-8.

Accordingly, a genuine issue of material fact exists as to whether Chavez accepted a fee, kickback, or thing of value. Moving Plaintiffs' motion is denied as to any claim under Section 2607(a).

### 2. Section 2607(b)

As explained above, it is undisputed that Chavez acted as Moving Plaintiffs' real estate agent, provided settlement services to them, and referred them to Tran and Palacio Mortgage for the

---

[3] Section 2607(a) provides, "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Section 2607(b) further provides, "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 1607(b).

5

financing of their home purchases. See Adverse Inference Order at 4; J. Ramirez Decl. ¶¶ 3-4, 9; P. Torralba Decl. ¶¶ 3-8.

However, it is not clear whether Chavez accepted of any portion, split, or percentage of charges for any settlement services he performed. Citing a commission check stub and a broker's demand, Moving Plaintiffs claim that Chavez received "hefty, inordinate commissions and kickbacks for each transaction." Motion at 2 (citing Hamilton Decl., Exs. A, B). But these documents, on their own, only show that commissions were requested by and paid to Century 21 Golden Hills (the real estate company Chavez worked for); they do not show that Chavez received any portion, split, or percentage of them. As stated earlier, Chavez asserted his Fifth Amendment right as to whether any money was exchanged between him and Tran or Palacio Mortgage (Chavez Depo at 73:13-17). In addition, both he and Valdovinos, who was also a real estate agent at Century 21 Golden Hills, asserted their Fifth Amendment rights when asked during their depositions whether any portion of any fees received by Century 21 Golden Hills was split with any third party. Chavez Depo at 93:1-13; Supp. Hamilton Decl., Ex. J ("Valdovinos Depo") at 240:9-16. And, no adverse inference was drawn from their failure to answer Plaintiffs' questions on this topic. See Adverse Inference Order at 4 (finding that sufficient independent evidence did not exist to support such an inference).

Accordingly, a genuine issue of material fact exists as to whether Chavez accepted any portion, split, or percentage of charges for any settlement services he performed. Moving Plaintiffs' motion is denied as to any claim under Section 2607(b).

**CONCLUSION**

Based on the foregoing, the Court STRIKES Chavez's opposition brief and Moving Plaintiffs' motion for summary adjudication is DENIED.

**IT IS SO ORDERED.**

Dated: March 22, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**C07-01571 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Alisha Mei Yuk Louie | alouie@sideman.com |
| Annette D. Kirkham | annettek@lawfoundation.org, teresam@lawfoundation.org |
| Cindy Hamilton | hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Jessica Lynn Fry | jessicaf@lawfoundation.org, nuemig@lawfoundation.org |
| Karen Rosenthal | rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Kimberly Pederson | kimp@lawfoundation.org, teresam@lawfoundation.org |
| Kyra Ann Kazantzis | kyrak@lawfoundation.org |
| Shawn Robert Parr | shawn@parrlawgroup.com, donna@parrlawgroup.com |
| William Cornelius Last , Jr | wclast@lastlawfirm.com |
| William J. Goines | goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |

**Notice will be provided by other means to:**

Jesus Chavez
2825 Dryden Ave.
Gilroy, CA 95020

Pablo Curiel
2633 Glen Hancock Court
San Jose, CA 95148

Raya Ghajar
1101 Salerno Drive
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**