**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

**\*\* E-filed November 16, 2011 \*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. GARVIN; ET AL, | No. C07-01571 HRL |
| Plaintiffs,<br>v. | **ORDER GRANTING PLAINTIFF MARIA GARVIN'S APPLICATION FOR DEFAULT JUDGMENT AND JUDGMENT** |
| LINDA TRAN, an individual; ABSOLUTE INVESTMENT GROUP, a California corporatiob dba PALACIO MORTGAGE; ET AL., | **[Re: Docket Nos. 279, 289]** |
| Defendants. | |

In this predatory home loan action, numerous plaintiffs have alleged fraud, breach of fiduciary duty, negligence, conspiracy to defraud, and violations of Cal. Bus. & Prof. Code § 17200 *et seq* against a variety of defendants involved in home sales and loans. See generally, Docket No. 50 ("Second Amended Complaint" or "SAC"). Plaintiffs allege that defendants preyed upon them through predatory and abusive lending practices, which included making misrepresentations about essential terms of loans, using bait-and-switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan applications, failing to translate important loan documents from English to Spanish, and including unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization. Id.

Defendant Tara Home Financial Services, Inc. ("Tara") was served with the First Amended Complaint ("FAC") and summons by mail on June 19, 2007. Docket No. 20. Tara filed an Answer to the FAC on July 18, 2007. Docket No. 28. Plaintiffs filed a Second Amended Complaint ("SAC")

**United States District Court**
For the Northern District of California

1    on October 22, 2007. Docket No. 50. Tara failed to answer or otherwise respond to the SAC in the

2    time allowed, so, upon plaintiffs' request, the Clerk of Court entered default against Tara on May 9,

3    2011. Docket No. 270. Plaintiff Maria Garvin then filed the instant Application for an Order

4    Entering Default Judgment against Tara. Docket No. 279. Tara has not filed an opposition to this

5    application and has not otherwise appeared in this action since 2007.

6         Defendant Golden Hills Associates dba Century 21 Golden Hills ("Golden Hills") was

7    served with the original Complaint and summons on April 11, 2007, but filed no answer. Docket

8    No. 8. Golden Hills filed an Answer to the FAC on August 3, 2007. Docket No. 35. Golden Hills

9    also filed an Answer to the SAC on December 17, 2007. Docket No. 74. Plaintiffs then propounded

10   written discovery requests on Golden Hills, to which Golden Hills failed to respond. Plaintiffs filed

11   a Motion to Compel Responses to Interrogatories they had served on Golden Hills. Docket No. 186.

12   The court granted the Motion to Compel, and then granted plaintiffs' subsequent Motion for

13   Sanctions and struck Golden Hills's Answer when it failed to respond. Docket Nos. 193, 203, 218.

14   Plaintiffs then requested the Clerk of Court to enter default against Golden Hills, which the Clerk

15   did enter on May 10, 2011. Docket No. 275. Plaintiff Maria Garvin then filed the instant

16   Application for an Order Entering Default Judgment against Golden Hills. Docket No. 289. Golden

17   Hills has not filed an opposition or otherwise appeared since filing its Answer to the SAC.

18         Based on the moving papers and arguments presented by plaintiff at hearing on October 25,

19   2011, the Court GRANTS plaintiff Maria Garvin's motions as to both defendants.

20         LEGAL STANDARD

21         After entry of default by the Clerk, courts are authorized to grant default judgment in their

22   discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court

23   may consider the following factors in deciding whether to enter default judgment: (1) the possibility

24   of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of

25   the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

26   material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

27   underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool,

28   782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the

1  plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v.

2  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily

3  ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an

4  accounting, determine the amount of damages, establish the truth of any allegation by evidence, or

5  investigate any other matter. FED. R. CIV. P. 55(b)(2).

6       DISCUSSION

7       A.  Entry of Default Judgment

8       All of the Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are

9  sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding

10  liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs,

11  285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

12  Here, the Clerk entered default against Tara on May 9, 2011, and against Golden Hills on May 10,

13  2011. Upon review of Plaintiffs' SAC, the court finds that Maria Garvin has adequately alleged each

14  of her causes of action. Since all liability-related allegations are taken as true, there can be no

15  dispute over material facts. Further, plaintiff would be prejudiced if default is not entered against

16  Tara and Golden Hills. Since both defendants have failed to participate in this action (and there is no

17  indication that their failure to do so is due to excusable neglect), plaintiff's only recourse is a default

18  judgment. While this court prefers to decide matters on the merits, defendants' refusal to participate

19  meaningfully in this litigation renders that impossible. Finally, "default judgment is disfavored

20  when a large amount of money is . . . unreasonable in light of defendant's actions." United States v.

21  Ordonez, 2011 U.S. Dist. LEXIS 50765, *6 (E.D. Cal. May 11, 2011) (finding that over $300,000

22  was appropriate for resolution by default judgment when plaintiff's allegations supported the sum).

23  Here, the sum of money requested, while not insignificant, is small enough to make this matter

24  appropriate for resolution by default judgment.

25       Therefore, the court GRANTS Maria Garvin's applications for default judgment against both

26  Tara and Golden Hills.

27       B.  Damages Requested

28

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1    Maria Garvin requests that the default judgment be entered jointly and severally against Tara

2    and Golden Hills for $112,429.02. Unlike liability-related allegations, allegations related to damages

3    are not taken as true upon entry of default against a defendant. Plaintiffs must therefore "prove up"

4    the amount of damages they seek. Here, plaintiff seeks damages for all of the following:

5        1. Ms. Garvin paid a deposit of $5,000;

6        2. Ms. Garvin lost the deposit on her rental home because the home she purchased was not

7            ready when they were told it would be. Ms. Garvin would not have incurred this cost had she

8            not purchased the home. The deposit was $1,000;

9        3. Ms. Garvin has paid homeowners insurance for six years, which she would never have

10           had to pay had she not moved into the home. The total amount of payments Ms. Garvin

11           made for homeowners insurance is $3,600;

12       4. Ms. Garvin paid the property tax for five years, which was $34,008.02;

13       5. Ms. Garvin has paid $60 per month for water and trash for the last six years, which she

14           did not pay in her previous apartment. The total Ms. Garvin has paid is $4,320;

15       6. Electricity was covered in her previous home, but it is not paid for here. Ms. Garvin pays

16           on a balanced scale, meaning she pays the same amount every month. That amount is $72.50

17           per month for six years, or $5,220;

18       7. Ms. Garvin invested a great deal of money in her home. In June of 2007, Ms. Garvin had

19           to get a new garage door and garage door opener, for a total of $2,000. Ms. Garvin had to

20           make non-cosmetic patio repairs for $2,000 in June 2006. Ms. Garvin had to make electrical

21           repairs in the kitchen for $2,500. Ms. Garvin had to make several repairs per Code

22           Enforcement orders regarding damage done to the property before she moved in for a total of

23           $5,000. In total, Ms. Garvin has paid $11,500 in home repairs;

24       8. Ms. Garvin has had to take out significant cash advances from her credit cards to pay her

25           mortgage. Ms. Garvin took out $8,600 on her Bank of America Visa, $3,000 of which she

26           has paid;

27       9. Ms. Garvin had to take a loan from the City of San Jose through Project Sentinel for

28           victims of predatory lending for $12,000;

4

**United States District Court**
For the Northern District of California

1    10. Per the HUD-1, Golden Hills received a commission of $16,550 for her real estate

2    transaction, a transaction Ms. Garvin should never have entered; and

3    11. Per the HUD-1, Tara received $22,631 in brokers' fees and yield spread premium

4    ("YSP") through this transaction.

5    See generally, Docket Nos. 281, 291 (Garvin Declarations). The court is satisfied that plaintiff has

6    provided sufficient evidence to prove the damages she requests. The court awards plaintiff

7    $112,429.02 in damages.

8    CONCLUSION

9    Default Judgment is hereby ENTERED in favor of Plaintiff Maria A. Garvin and against

10   Defendants Golden Hills Associates, Inc., dba Century 21 Golden Hills and Tara Home Financial

11   Services, Inc. jointly and severally in the amount of $112,429.02.

12   **IT IS SO ORDERED.**

13   Dated: November 16, 2011

14   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**United States District Court**
For the Northern District of California

1    **C07-01571 HRL** N**otice will be electronically mailed to:**

2    Alisha Mei Yuk Louie          alouie@sideman.com
     Annette D. Kirkham            annettek@lawfoundation.org, teresam@lawfoundation.org
3    Cindy Hamilton                hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
     Jessica Lynn Fry              jessicaf@lawfoundation.org, nuemig@lawfoundation.org,
4                                  teresam@lawfoundation.org
     Karen Rosenthal               rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
5    Kimberly Pederson             kimp@lawfoundation.org, teresam@lawfoundation.org
     Kyra Ann Kazantzis            kyrak@lawfoundation.org
6    Shawn Robert Parr             shawn@parrlawgroup.com, donna@parrlawgroup.com
     William Cornelius Last , Jr   wclast@lastlawfirm.com
7    William J. Goines             goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com

8    **Notice will be mailed to:**

9    Raya Ghajar
     1101 Salerno Drive
10   Campbell, CA 95008

11   **Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6