**\*\* E-filed November 16, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. GARVIN; ET AL,<br><br>    Plaintiffs,<br>  v.<br><br>LINDA TRAN, an individual; ABSOLUTE INVESTMENT GROUP, a California corporatiob dba PALACIO MORTGAGE; ET AL.,<br><br>    Defendants. | No. C07-01571 HRL<br><br>**ORDER GRANTING PLAINTIFFS MARTHA HERNANDEZ AND TOMAS HERNANDEZ'S APPLICATION FOR DEFAULT JUDGMENT AND JUDGMENT**<br><br>**[Re: Docket No. 294]** |

In this predatory home loan action, numerous plaintiffs have alleged fraud, breach of fiduciary duty, negligence, conspiracy to defraud, and violations of Cal. Bus. & Prof. Code § 17200 *et seq* against a variety of defendants involved in home sales and loans. See generally, Docket No. 50 ("Second Amended Complaint" or "SAC"). Defendant Norma Valdovinos, through her company, Golden Hills Associates dba Century 21 Golden Hills, acted as plaintiffs' real estate agent, and then directed plaintiffs to Linda Tran, a mortgage broker, for their loan applications. Id. ¶¶ 2-3. Plaintiffs allege that defendants preyed upon them through predatory and abusive lending practices, which included making misrepresentations about essential terms of loans, using bait-and-switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan applications, failing to translate important loan documents from English to Spanish, and including unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization. Id.

Defendant Golden Hills Associates dba Century 21 Golden Hills ("Golden Hills") was served with the original Complaint and summons on April 11, 2007, but filed no answer. Docket No. 8. Golden Hills filed an Answer to the First Amended Complaint ("FAC") on August 3, 2007. Docket No. 35. Golden Hills also filed an Answer to the SAC on December 17, 2007. Docket No. 74. Plaintiffs then propounded written discovery requests on Golden Hills, to which Golden Hills failed to respond. Plaintiffs filed a Motion to Compel Responses to Interrogatories they had served on Golden Hills. Docket No. 186. The court granted the Motion to Compel, and then granted plaintiffs' subsequent Motion for Sanctions and struck Golden Hills's Answer when it failed to respond. Docket Nos. 193, 203, 218. Plaintiffs then requested the Clerk of Court to enter default against Golden Hills, which the Clerk did enter on May 10, 2011. Docket No. 275. Plaintiffs Tomas and Martha Hernandez then filed the instant Application for an Order Entering Default Judgment against Golden Hills. Docket No. 294. Golden Hills has not filed an opposition or otherwise appeared since filing its Answer to the SAC.

Based on the moving papers and arguments presented by plaintiff at hearing on October 25, 2011, the Court GRANTS plaintiffs Tomas and Martha Hernandez's motion for entry of default judgment against Golden Hills.

LEGAL STANDARD

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an

2

accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

DISCUSSION

A. Entry of Default Judgment

All of the Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, the Clerk entered default against Golden Hills on May 10, 2011. Upon review of Plaintiffs' SAC, the court finds that the Hernandezes adequately alleged each of their causes of action. Since all liability-related allegations are taken as true, there can be no dispute over material facts. Further, plaintiffs would be prejudiced if default is not entered against Golden Hills. Since defendant has failed to participate in this action (and there is no indication that its failure to do so is due to excusable neglect), plaintiffs' only recourse is a default judgment. While this court prefers to decide matters on the merits, defendants' refusal to participate meaningfully in this litigation renders that impossible. Finally, "default judgment is disfavored when a large amount of money is . . . unreasonable in light of defendant's actions." United States v. Ordonez, 2011 U.S. Dist. LEXIS 50765, *6 (E.D. Cal. May 11, 2011) (finding that over $300,000 was appropriate for resolution by default judgment when plaintiff's allegations supported the sum). Here, the sum of money requested, while not insignificant, is small enough to make this matter appropriate for resolution by default judgment.

Therefore, the court GRANTS Martha and Tomas Hernandez's application for default judgment against Golden Hills.

B. Damages Requested

Plaintiffs request that the default judgment be entered against Golden Hills for $82,322.00. Unlike liability-related allegations, allegations related to damages are not taken as true upon entry of default against a defendant. Plaintiffs must therefore "prove up" the amount of damages they seek. Here, plaintiffs seek damages for all of the following:

3

1. On information and belief, the fair market value of a three bedroom home such as the Hernandez's is $2,300 per month, or $138,000 for the sixty months they have lived in the home. Since purchasing the home, they have paid $131,832;

2. The Hernandez's paid a deposit of $3,000 for the home which they will lose when the home is foreclosed on;

3. The Hernandez's have paid $4,000 in homeowners insurance, a cost they would not have incurred but for purchasing the home;

4. The Hernandez's have also paid $47,965 in property taxes, which they would not have incurred but for purchasing the home;

5. The Hernandez's have paid $9,900 in water and trash over the last five years. They would not have incurred those costs but for having purchased the home;

6. Valdovinos received $34,985 in fees;

7. Through the purchase and subsequent refinance, Tran received $31,410;

8. The Hernandez's move-in costs were approximately $230;

9. The Hernandez's had to take out substantial debt on credit cards to pay for their mortgage and living expenses while maintaining the mortgage. They have taken out $18,000 in credit cards. They have paid most of it off; and

10. The Hernandez's took out a loan from the City of San Jose from a fund for victims of predatory loans in the amount of $12,000.

See generally, Docket Nos. 296, 297 (Hernandez Declarations).

The court is satisfied that plaintiffs have provided sufficient evidence to prove the damages they request. The court awards plaintiffs $82,322.00 in damages.

CONCLUSION

Default Judgment is hereby ENTERED in favor of Plaintiffs Martha and Tomas Hernandez jointly and severally and against Defendants Golden Hills Associates, Inc., dba Century 21 Golden Hills in the amount of $82,322.00.

**IT IS SO ORDERED.**

4

Dated: November 16, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C07-01571 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Alisha Mei Yuk Louie | alouie@sideman.com |
| Annette D. Kirkham | annettek@lawfoundation.org, teresam@lawfoundation.org |
| Cindy Hamilton | hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Jessica Lynn Fry | jessicaf@lawfoundation.org, nuemig@lawfoundation.org, teresam@lawfoundation.org |
| Karen Rosenthal | rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Kimberly Pederson | kimp@lawfoundation.org, teresam@lawfoundation.org |
| Kyra Ann Kazantzis | kyrak@lawfoundation.org |
| Shawn Robert Parr | shawn@parrlawgroup.com, donna@parrlawgroup.com |
| William Cornelius Last , Jr | wclast@lastlawfirm.com |
| William J. Goines | goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |

**Notice will be mailed to:**

Raya Ghajar
1101 Salerno Drive
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**