**\*\* E-filed November 16, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. GARVIN; ET AL, | No. C07-01571 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF RAFAEL MALDONADO BRAVO'S APPLICATION FOR DEFAULT JUDGMENT AND JUDGMENT** |
| v. | |
| LINDA TRAN, an individual; ABSOLUTE INVESTMENT GROUP, a California corporatiob dba PALACIO MORTGAGE; ET AL., | **[Re: Docket No. 284]** |
| Defendants. | |

In this predatory home loan action, numerous plaintiffs have alleged fraud, breach of fiduciary duty, negligence, conspiracy to defraud, and violations of Cal. Bus. & Prof. Code § 17200 *et seq* against a variety of defendants involved in home sales and loans. See generally, Docket No. 50 ("Second Amended Complaint" or "SAC"). Defendant Norma Valdovinos, through her company, Golden Hills Associates dba Century 21 Golden Hills, acted as plaintiffs' real estate agent, and then directed plaintiffs to Linda Tran, a mortgage broker, for their loan applications. Id. ¶¶ 2-3. Plaintiffs allege that defendants preyed upon them through predatory and abusive lending practices, which included making misrepresentations about essential terms of loans, using bait-and-switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan applications, failing to translate important loan documents from English to Spanish, and including unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization. Id.

Defendant Golden Hills Associates dba Century 21 Golden Hills ("Golden Hills") was served with the original Complaint and summons on April 11, 2007, but filed no answer. Docket No. 8. Golden Hills filed an Answer to the First Amended Complaint ("FAC") on August 3, 2007. Docket No. 35. Golden Hills also filed an Answer to the SAC on December 17, 2007. Docket No. 74. Plaintiffs then propounded written discovery requests on Golden Hills, to which Golden Hills failed to respond. Plaintiffs filed a Motion to Compel Responses to Interrogatories they had served on Golden Hills. Docket No. 186. The court granted the Motion to Compel, and then granted plaintiffs' subsequent Motion for Sanctions and struck Golden Hills's Answer when it failed to respond. Docket Nos. 193, 203, 218. Plaintiffs then requested the Clerk of Court to enter default against Golden Hills, which the Clerk did enter on May 10, 2011. Docket No. 275. Plaintiff Rafael Maldonado Bravo then filed the instant Application for an Order Entering Default Judgment against Golden Hills. Docket No. 284. Golden Hills has not filed an opposition or otherwise appeared since filing its Answer to the SAC.

Based on the moving papers and arguments presented by plaintiff at hearing on October 25, 2011, the Court GRANTS plaintiff Rafael Maldonado Bravo's motion for entry of default judgment against Golden Hills.

LEGAL STANDARD

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an

1  accounting, determine the amount of damages, establish the truth of any allegation by evidence, or
2  investigate any other matter. FED. R. CIV. P. 55(b)(2).
3  DISCUSSION
4  A. Entry of Default Judgment
5  All of the Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are
6  sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding
7  liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs,
8  285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).
9  Here, the Clerk entered default against Golden Hills on May 10, 2011. Upon review of Plaintiffs'
10 SAC, the court finds that Mr. Bravo has adequately alleged each of his causes of action. Since all
11 liability-related allegations are taken as true, there can be no dispute over material facts. Further,
12 plaintiff would be prejudiced if default is not entered against Golden Hills. Since defendant has
13 failed to participate in this action (and there is no indication that its failure to do so is due to
14 excusable neglect), plaintiff's only recourse is a default judgment. While this court prefers to decide
15 matters on the merits, defendants' refusal to participate meaningfully in this litigation renders that
16 impossible. Finally, "default judgment is disfavored when a large amount of money is . . .
17 unreasonable in light of defendant's actions." United States v. Ordonez, 2011 U.S. Dist. LEXIS
18 50765, *6 (E.D. Cal. May 11, 2011) (finding that over $300,000 was appropriate for resolution by
19 default judgment when plaintiff's allegations supported the sum). Here, the sum of money
20 requested, while not insignificant, is small enough to make this matter appropriate for resolution by
21 default judgment.
22 Therefore, the court GRANTS Rafael Maldonado Bravo's application for default judgment
23 against Golden Hills.
24 B. Damages Requested
25 Plaintiff Bravo requests that the default judgment be entered against Golden Hills for
26 $144,190.00. Unlike liability-related allegations, allegations related to damages are not taken as true
27 upon entry of default against a defendant. Plaintiffs must therefore "prove up" the amount of
28 damages they seek. Here, plaintiff seeks damages for all of the following:

1. Mr. Bravo had to use $9,600 of equity on his personal home to pay for the first home he purchased through Norma Valdovinos and Linda Tran;
2. The deposit on the Blossom Hill property was $5,000;
3. The Desert Isle deposit was $2,000;
4. Mr. Bravo had to pay $4,500 to modify his loans on the Blossom Hill property;
5. Mr. Bravo had to pay an additional $500 to modify the Desert Isle loans;
6. Mr. Bravo believes that the difference in costs paid versus the rent received on the Blossom Hill property has cost him $30,380. The property cannot be rented for as much as he was led to believe by Valdovinos or Tran;
7. Norma Valdovinos's commission for both the Desert Isle and Blossom Hill properties was $51,750;
8. Linda Tran received broker fees and other fees, reflected on Exhibit 1 to the Bravo Declaration, for Blossom Hill in the amount of $9,950. She also received a yield spread premium ("YSP"), also reflected on Exhibit 1 to the Bravo Declaration for $17,550; and
9. For Desert Isle, Linda received broker and other fees in the amount of $11,340. She got YSP of $1,620.

See generally, Docket No. 286 (Bravo Declaration).

The court is satisfied that plaintiff has provided sufficient evidence to prove the damages he requests. The court awards plaintiff $144,190.00 in damages.

CONCLUSION

Default Judgment is hereby ENTERED in favor of Plaintiff Rafael Maldonado Bravo and against Defendants Golden Hills Associates, Inc., dba Century 21 Golden Hills in the amount of $144,190.00.

**IT IS SO ORDERED.**

Dated: November 16, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C07-01571 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Alisha Mei Yuk Louie | alouie@sideman.com |
| Annette D. Kirkham | annettek@lawfoundation.org, teresam@lawfoundation.org |
| Cindy Hamilton | hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Jessica Lynn Fry | jessicaf@lawfoundation.org, nuemig@lawfoundation.org, teresam@lawfoundation.org |
| Karen Rosenthal | rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |
| Kimberly Pederson | kimp@lawfoundation.org, teresam@lawfoundation.org |
| Kyra Ann Kazantzis | kyrak@lawfoundation.org |
| Shawn Robert Parr | shawn@parrlawgroup.com, donna@parrlawgroup.com |
| William Cornelius Last, Jr | wclast@lastlawfirm.com |
| William J. Goines | goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com |

**Notice will be mailed to:**

Raya Ghajar
1101 Salerno Drive
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**