United States District Court

For the Northern District of California

1    **\*\* E-filed November 16, 2011 \*\***

2

3

4

5

6

7                          NOT FOR CITATION

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   MARIA A. GARVIN; ET AL,                    No. C07-01571 HRL

12          Plaintiffs,                    **ORDER GRANTING PLAINTIFF**
          v.                              **RAUL TORRES'S APPLICATION**
13                                         **FOR DEFAULT JUDGMENT AND**
     LINDA TRAN, an individual; ABSOLUTE    **JUDGMENT**
14   INVESTMENT GROUP, a California
     corporatiob dba PALACIO MORTGAGE;      **[Re: Docket No. 316]**
15   ET AL.,

16          Defendants.
     _____/

17

18        In this predatory home loan action, numerous plaintiffs have alleged fraud, breach of

19   fiduciary duty, negligence, conspiracy to defraud, and violations of Cal. Bus. & Prof. Code § 17200

20   *et seq* against a variety of defendants involved in home sales and loans. See generally, Docket No.

21   50 ("Second Amended Complaint" or "SAC"). Defendant Norma Valdovinos, through her

22   company, Golden Hills Associates dba Century 21 Golden Hills, acted as plaintiffs' real estate

23   agent, and then directed plaintiffs to Linda Tran, a mortgage broker, for their loan applications. Id.

24   ¶¶ 2-3. Plaintiffs allege that defendants preyed upon them through predatory and abusive lending

25   practices, which included making misrepresentations about essential terms of loans, using bait-and-

26   switch tactics and duress, charging unreasonable and unearned fees, falsifying information on loan

27   applications, failing to translate important loan documents from English to Spanish, and including

28   unexpected terms allowing for balloon payments, prepayment penalties, and negative amortization.

     Id.

United States District Court

For the Northern District of California

1    Defendant Golden Hills Associates dba Century 21 Golden Hills ("Golden Hills") was

2  served with the original Complaint and summons on April 11, 2007, but filed no answer. Docket

3  No. 8. Golden Hills filed an Answer to the First Amended Complaint ("FAC") on August 3, 2007.

4  Docket No. 35. Golden Hills also filed an Answer to the SAC on December 17, 2007. Docket No.

5  74. Plaintiffs then propounded written discovery requests on Golden Hills, to which Golden Hills

6  failed to respond. Plaintiffs filed a Motion to Compel Responses to Interrogatories they had served

7  on Golden Hills. Docket No. 186. The court granted the Motion to Compel, and then granted

8  plaintiffs' subsequent Motion for Sanctions and struck Golden Hills's Answer when it failed to

9  respond. Docket Nos. 193, 203, 218. Plaintiffs then requested the Clerk of Court to enter default

10  against Golden Hills, which the Clerk did enter on May 10, 2011. Docket No. 275. Plaintiff Raul

11  Torres then filed the instant Application for an Order Entering Default Judgment against Golden

12  Hills. Docket No. 316. Golden Hills has not filed an opposition or otherwise appeared since filing its

13  Answer to the SAC.

14    Based on the moving papers and arguments presented by plaintiff at hearing on October 25,

15  2011, the Court GRANTS plaintiff Raul Torres's motion for entry of default judgment against

16  Golden Hills.

17    LEGAL STANDARD

18    After entry of default by the Clerk, courts are authorized to grant default judgment in their

19  discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court

20  may consider the following factors in deciding whether to enter default judgment: (1) the possibility

21  of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of

22  the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

23  material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

24  underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool,

25  782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the

26  plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v.

27  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily

28  ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an

**United States District Court**
For the Northern District of California

1 accounting, determine the amount of damages, establish the truth of any allegation by evidence, or

2 investigate any other matter. FED. R. CIV. P. 55(b)(2).

3 DISCUSSION

4 A.  Entry of Default Judgment

5 All of the Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are

6 sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding

7 liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs,

8 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

9 Here, the Clerk entered default against Golden Hills on May 10, 2011. Upon review of Plaintiffs'

10 SAC, the court finds that Mr. Torres has adequately alleged each of his causes of action. Since all

11 liability-related allegations are taken as true, there can be no dispute over material facts. Further,

12 plaintiff would be prejudiced if default is not entered against Golden Hills. Since defendant has

13 failed to participate in this action (and there is no indication that its failure to do so is due to

14 excusable neglect), plaintiff's only recourse is a default judgment. While this court prefers to decide

15 matters on the merits, defendants' refusal to participate meaningfully in this litigation renders that

16 impossible. Finally, "default judgment is disfavored when a large amount of money is . . .

17 unreasonable in light of defendant's actions." United States v. Ordonez, 2011 U.S. Dist. LEXIS

18 50765, *6 (E.D. Cal. May 11, 2011) (finding that over $300,000 was appropriate for resolution by

19 default judgment when plaintiff's allegations supported the sum). Here, the sum of money

20 requested, while not insignificant, is small enough to make this matter appropriate for resolution by

21 default judgment.

22 Therefore, the court GRANTS Raul Torres's application for default judgment against

23 Golden Hills.

24 B.  Damages Requested

25 Plaintiff Torres requests that the default judgment be entered against Golden Hills for

26 $95,127.00. Unlike liability-related allegations, allegations related to damages are not taken as true

27 upon entry of default against a defendant. Plaintiffs must therefore "prove up" the amount of

28 damages they seek. Here, plaintiff seeks damages for all of the following:

3

**United States District Court**
For the Northern District of California

1   1. Mr. Torres lost the $2,000 deposit on his home;

2   2. Mr. Torres paid moving costs of $2,450. He would not have incurred this cost but for

3   having purchased the home;

4   3. Mr. Torres paid homeowners insurance in the amount of $26, which was the balance not

5   covered through escrow. He would not have incurred this cost but for having purchased the

6   home;

7   4. Mr. Torres paid $2,864 in property taxes. He would not have incurred this cost but for

8   having purchased the home;

9   5. Mr. Torres paid $2,300 in water and trash. He would not have incurred this cost but for

10  having purchased the home;

11  6. The home needed substantial repairs. Mr. Torres put in a new water heater, garbage

12  disposal, bathroom repairs, interior paint, and flood repair. In total, he spent approximately

13  $5,000 on repairs, which he would not have incurred but for having purchased the home;

14  7. Mr. Torres had to take out a cash advance of $7,000 to cover expenses;

15  8. Mr. Torres had to take a personal loan from his father for $10,000, of which he has paid

16  back $5,000;

17  9. Mr. Torres had to take a personal loan of $12,000 from the City of San Jose revolving

18  loan fund for victims of predatory lending;

19  10. Mr. Torres' new home is further from his children's school, and he has had to spend

20  $960 on additional transportation;

21  11. Mr. Torres had to put many things in storage since he lost the home, which has cost him

22  $3,600;

23  12. Norma Valdovinos received a commission of $31,750, as reflected in the HUD-1 for the

24  purchase of the property;

25  12. For the purchase, Linda Tran made $3,755; and

26  13. For the refinance, Linda Tran made $11,422 in fees and yield spread premium ("YSP"),

27  as reflected in the HUD-1 for the refinance.

28  See generally, Docket No. 318 (Torres Declaration).

4

**United States District Court**
For the Northern District of California

1    The court is satisfied that plaintiff has provided sufficient evidence to prove the damages he

2    requests. The court awards plaintiff $95,127.00 in damages.

3        CONCLUSION

4        Default Judgment is hereby ENTERED in favor of Plaintiff Raul Torres and against

5    Defendants Golden Hills Associates, Inc., dba Century 21 Golden Hills in the amount of

6    $95,127.00.

7        **IT IS SO ORDERED.**

8    Dated: November 16, 2011



9        HOWARD R. LLOYD
         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**United States District Court**
For the Northern District of California

1  **C07-01571 HRL** N**otice will be electronically mailed to:**

2  Alisha Mei Yuk Louie          alouie@sideman.com
   Annette D. Kirkham           annettek@lawfoundation.org, teresam@lawfoundation.org
3  Cindy Hamilton               hamiltonc@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
   Jessica Lynn Fry             jessicaf@lawfoundation.org, nuemig@lawfoundation.org,
4                               teresam@lawfoundation.org
   Karen Rosenthal             rosenthalk@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com
5  Kimberly Pederson           kimp@lawfoundation.org, teresam@lawfoundation.org
   Kyra Ann Kazantzis          kyrak@lawfoundation.org
6  Shawn Robert Parr           shawn@parrlawgroup.com, donna@parrlawgroup.com
   William Cornelius Last , Jr  wclast@lastlawfirm.com
7  William J. Goines            goinesw@gtlaw.com, sandiferc@gtlaw.com, svlitdock@gtlaw.com

8  **Notice will be mailed to:**

9  Raya Ghajar
   1101 Salerno Drive
10 Campbell, CA 95008

11 **Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the court's CM/ECF program.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6